W. L. WOOD v. LECY MASSINGILL and THELMA DAVIS.

(Filed 29 February, 1956.)

**Trusts § 4c—**

> Evidence in this case that plaintiff furnished the entire consideration for the deed executed to one defendant, who thereafter transferred without consideration a one-half interest to the other defendant, *held* sufficient to support the verdict that defendants held the property in trust for plaintiff.

APPEAL by defendants from *Pless, J.,* October Term, 1955, of TRAN-SYLVANIA.

This is an action instituted for the purpose of establishing a resulting or constructive trust.

The evidence tends to show that, on 26 July, 1954, the plaintiff furnished and paid the entire purchase price of $2,200.00 in cash to Sanford McCrary for six acres of land with a house on it in the Cedar Mountain area of Transylvania County. The title was taken in the name of the defendant Lecy Massingill. The plaintiff, a man 75 years of age, had been paying court to Lecy Massingill, who had represented to him that she was single; that she was to receive $15,000.00 in October 1954, and that they planned to get married as soon as she received the money. The plaintiff later learned that Lecy Massingill was married to her fourth husband at the time the plaintiff was courting her; that she had no intention of marrying him; that she was not expecting to get any money, and, without the knowledge of the plaintiff, within three weeks of the time the property was conveyed to her, she conveyed

a one-half undivided interest in the property to defendant Thelma Davis, her daughter by a previous marriage (now Thelma McCrary), who was at the time of the trial married to the original grantor, Sanford McCrary. It is admitted that the daughter paid no consideration for the conveyance of the one-half undivided interest in the property. That, when plaintiff made demand on Lecy Massingill to convey the property to him, she said to him in the presence of Bruce Gillespie, a carpenter, who was making repairs to the house in controversy, "she had the deed for the place and that was all she wanted" and for him "to get the hell out of there."

Other evidence was introduced tending to show that the defendant Lecy Massingill had agreed to pay the plaintiff for the property when she got her expected money or if they did not get married. The defendant Lecy Massingill denied having made any such promise and insisted the plaintiff gave her the property. Therefore, the case was tried below on this question: Did the defendants hold the property in trust for the plaintiff or was it conveyed to Lecy Massingill as an outright gift?

The jury found, upon appropriate issues, that the defendants held title to the property described in the complaint as trustees for the plaintiff and that the plaintiff is the owner of the land. From the judgment entered on the verdict, the defendants appeal, assigning error.

*Thomas R. Eller, Jr., for plaintiff.*
*Potts & Ramsey and Monroe M. Redden for defendants.*

PER CURIAM. The sole question presented for us to determine is whether or not the evidence adduced in the trial below is sufficient to support the verdict. We have concluded that it is sufficient to do so. *Bowen v. Darden,* 241 N.C. 11, 84 S.E. 2d 289. Moreover, all the evidence points unerringly to the fact that the verdict is in accord with equity and justice. The result will be upheld.

No error.